## Appeal of LIVINGSTON WORSTED CO.                    Docket No. 1858.

Submitted April 2, 1925; decided April 13, 1925.

*Elmer J. Binford, Esq.*, for the taxpayer.
*A. H. Fast, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, AND TRUSSELL.

This is an appeal from an alleged determination of income and excess profits taxes for the years 1918 and 1919, as evidenced by the Commissioner's letters dated January 23, March 25, October 25,

1924, and January 6, 1925. The Commissioner has filed a plea to the petition in which he states that he has not, since the enactment of the Revenue Act of 1924, determined that a deficiency in tax is due or proposed an assessment of additional tax for the year 1919. The determination of this question turns upon the contents of the several letters in question.

OPINION.

JAMES: The petition must be dismissed. The taxpayer alleges jurisdiction on the part of the Board, basing its allegation upon the letter of January 6, 1925, which reads in full as follows:

TREASURY DEPARTMENT,
*Washington, January 6, 1925.*

Office of Commissioner of Internal Revenue.

LIVINGSTON WORSTED COMPANY,
*45 East 17th Street, New York City.*

SIRS: Your claims for abatement of $11,180.58 and $24,836.44 income and excess profits taxes for the year 1918 and $47,950.30 income and excess profits taxes for the year 1919, have been examined.

The Bureau has ruled that cases which have been erroneously closed may be opened for reconsideration at any time prior to the expiration of the statutory period.

The tax liability as shown in office letter dated March 25th, 1924, is, therefore, sustained and your claims will be rejected on the next schedule submitted to the Commissioner.

Respectfully,

J. G. BRIGHT
*Deputy Commissioner,*
By ———— ————
*Head of Division.*

The significance of the foregoing letter can be understood only by reference to the preceding letters of January 23, March 25, and October 25, 1924, and, indeed, to all communications between the Commissioner and the taxpayer relating to the years here in question.

On December 12, 1923, the Commissioner issued a certificate of overassessment to the taxpayer in the sum of $21,291.95 for the year 1918, and apparently on the same date issued a certificate of overassessment in the sum of $77,214.35 for the year 1919. These certificates resulted in refunds to the taxpayer. Thereafter, on January 23, 1924, the Commissioner reversed his earlier action with respect to the year 1918, and assessed additional tax in the sum of $24,836.44. The assessment letter was substantially in the form of the usual letter sent where section 250(d) of the Revenue Act of 1921 was not complied with. Thereafter, on March 25, 1924, the Commissioner again reversed his action with respect to the year 1918, and determined an overassessment for that year of $13,655.86 against the additional assessment theretofore certified on January 23, 1924, and for the year 1919 asserted an additional assessment of $47,950.30. The Commissioner has not, since March 25, 1924, changed any figures in this determination or otherwise modified the basis of his action.

On October 25, 1924, the Commissioner addressed a communication to the taxpayer with respect to the year 1919, referring to request for special assessment under the provisions of section 328, and asking for acquiescence in net income and invested capital

theretofore determined by the Commissioner for that year. There is nothing in the record to indicate what action, if any, was taken by the taxpayer with respect to the letter of October 25, 1924.

The status of this case in the office of the Commissioner becomes clear from consideration of the foregoing correspondence. On March 25, 1924, the Commissioner made a final determination of tax, and it is apparent that he did not thereafter consider either of the years 1918 or 1919 on their merits, or reaffirm the merits of his determination made at that time. The letter of March 25, 1924, is explicit in indicating a determination and states:

* * * the amount of the tax due * * * will be listed for assessment immediately without giving the usual thirty day notice * * *. The computations of the overassessment and additional tax are shown in attached statement.

The letter of January 6 merely evidences the Commissioner's conclusion that he possessed the legal right to make effective by assessment and collection his determination of a deficiency made on March 25.

Under all the facts, the Board is of the opinion that the Commissioner did not, after June 2, 1924, determine a deficiency, and that, therefore, the petition of the taxpayer must be dismissed.